BIARD v. WINSLOW et al.

No. 10246.

Court of Civil Appeals of Texas. San Antonio.

Feb. 2, 1938.

Rehearing Denied March 3, 1938.

Lorimer Brown & Davis, of Harlingen, and Theodore E. Simmang, of San Antonio, for appellant.

John H. Mitchell, of La Feria, and Seabury, Taylor & Wagner, of Brownsville, for appellees.

SMITH, Chief Justice.

In the year 1935 A. B. Winslow and wife purchased a tract of 11.28 acres of land in Cameron county from Valley Citrous Groves Company of Texas. A few months later the Winslows brought this action against the vendor and its alleged agent, Arthur E. Biard, for rescission of the sale, upon the ground of misrepresentations of the vendor's president and selling agent, E. C. Bacon. Upon a trial by jury the court rendered judgment in favor of the Winslows for rescission, and against the defendants for the amount paid on the purchase price. Biard, only, has appealed.

From the record we must assume the following facts: The Citrous Growers Company had purchased from the owner, and was engaged in reselling, numerous small blocks of land in Cameron county. The company made an arrangement with appellant, Biard, of San Antonio, to secure and send prospective purchasers to the company, in consideration of which he was to receive, by way of commission, 25 per cent. of the profits derived by the company from consummated sales. Biard did advertise the lands, and the Winslows, nonresidents, who were in San Antonio seeking a location, saw one of the advertisements, and called at Biard's office in response thereto. They did not see Biard, but did contact one Day in his office, and consulted him about the advertised lands. According to appellees' testimony, Day told them "about the land Mr. Bacon (president of the Citrous Growers Company and its selling agent on the ground) was developing, and that it was extra good land and you could absolutely depend on everything Mr. Bacon said"; that he was sending a car down to the land the following Friday, and invited appellees to go along in that car, which they did. Arriving at the land, they were taken in charge by Bacon and other officials and agents of the company. Bacon showed them lot 10 on the ground, but represented it to be lot 15. The land on the two lots differed; that on lot 10

being more valuable than that on lot 15. Upon that representation appellees agreed to purchase what Bacon represented on the ground to be lot 10, and the deal was closed. But the company actually conveyed lot 15 to appellees, who did not learn of the deception until some time later, when they brought this action against the company and Biard for rescission and to recover the amount they had paid the company thereon, aggregating $3,577, which they recovered against both defendants.

Neither the pleadings nor the proof brought the case within the provisions of article 4004, R.S.1925, known as the "actionable fraud statute."

The jury found, as stated in appellees' brief, "that (1) Bacon, acting as agent for both defendants, misrepresented the numbers of the tracts of land in question, (2) that the plaintiffs relied upon Bacon's misrepresentations, (3) that plaintiffs were induced by such misrepresentations to purchase the land and pay therefor. * * *"

 Appellant first questions the sufficiency of the evidence to show that Bacon, whose misrepresentations were alleged by appellees and found by the jury to have induced appellees to purchase, was the agent of appellant in the transaction, rendering appellant liable for Bacon's fraud. We are obliged to sustain this contention, presented in appellant's first proposition. The record shows, affirmatively and conclusively, that appellant, personally, had no connection with the transaction, or communication with appellees at any time or in any manner. His relation to the transaction is limited to the fact that a man named Day, a member of appellant's office force, sent appellees, as prospective purchasers, to Bacon, president of the corporate vendor, who was on the ground and would show the properties to appellees, and negotiate with them and make any sale the parties might agree upon. Appellees did go to Bacon, who took charge of them, showed them the properties, deceived them into the belief they were purchasing lot 10, agreed with them upon price and terms, and then consummated the fraud here complained of by conveying to them lot 15, instead of lot 10. Appellant's authority was only to advertise for and procure prospective purchasers and send them 300 miles to the landowner, of which Bacon was the president, and its actual selling agent, with authority to negotiate and consummate sales, and who did, in this case, initiate, carry on, and complete

974

all the actual negotiations with appellees, and made the only representations alleged by appellees and found by the jury to have misled appellees and induced them to make the purchase. Appellees did not allege, nor did the jury find, that appellees believed or relied upon any acts or representations of appellant or his agent, Day, and the evidence is not sufficient to constitute Bacon as the agent of appellant. It showed, conclusively, that Bacon acted solely upon his own responsibility as the president and agent of the corporate vendor of the property, and his acts were in no sense binding upon appellant. For the reasons stated, we sustain appellant's first proposition, and, for like reasons, his second, third, and fourth propositions.

In their brief appellees contend, for the first time, that appellant was rendered liable because of appellees' testimony that appellant's agent referred appellees to Bacon with the assurance that they could "absolutely depend upon everything" Bacon would tell them. The case was not tried upon that theory, but only upon the theory that appelles depended solely upon Bacon's representations, without reference to the statement of appellant's agent, Day. Appellees did not allege, nor was there any jury finding, that said representations of Day were made to or believed by appellees, or, if made, in any way or degree influenced them to make the contract sought to be rescinded.

The judgment will be reversed, and as the case was made upon a confusion of theories, and does not appear to have been fully developed in all its phases, the cause will be remanded for another trial.

Reversed and remanded.